UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In re:                                                    Case No. 11-10266 (SHL)

FN Building LLC,                                          Chapter 11
                        Debtor.
--------------------------------------------------------X

### ORDER AUTHORIZING RETENTION OF RUSKIN MOSCOU FALTISCHEK, P.C. AS COUNSEL TO THE RECEIVER *NUNC PRO TUNC* AND ESTABLISHING PROCEDURES FOR MONTHLY COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

Upon the application (the "Application") of O'Keefe & Associates Consulting, LLC ("O'Keefe" or "Receiver"), dated February 22, 2011 [ECF docket number 53], and the Order Shortening Time for Hearing on Application for an Order (a) Retaining Ruskin Moscou Faltischek, P.C. as Counsel to the Receiver and (b) Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Chapter 11 Professionals [ECF docket number 56]; and upon the affidavit of Jeffrey A. Wurst, Esq., duly sworn to on February 22, 2011 (the "Wurst Affidavit") wherein it appears that Ruskin Moscou Faltischek, P.C. ("RMF") does not hold or represent any interest adverse to the Debtor, any creditors of the Debtor, the United States Trustee for this district, or any person employed in the Office of the United States Trustee; and the Application having been served upon the Debtor, the Office of the United States Trustee, counsel to the secured creditors, creditors holding the 20 largest unsecured claims, and all parties who have filed a Notice of Appearance with the Clerk of this Court and requested notice; and it appearing that no further notice of the Application is required; and it appearing that RMF's retention is in the best interests of the Receiver, the Debtor and other parties-in-interest and that RMF does not have an actual conflict of interest and is a disinterested person under § 327(a) of the Bankruptcy Code; it is hereby

**ORDERED,** that, upon the terms and for the purposes set forth in the Application RMF be, and it hereby is, appointed as counsel to the Receiver in the above-captioned Chapter 11 cases, *nunc pro tunc* to the Petition Date and subject to the further order, if any, of any other Court which may preside over these proceedings; and it is further

**ORDERED**, that compensation to RMF for legal services rendered and to be rendered and reimbursement of expenses incurred in connection therewith shall be made pursuant to §§ 330 and 331 of the Bankruptcy Code, consistent with the entry of an order authorizing interim monthly compensation, upon application to and approval by the United States Bankruptcy Court for the Eastern District of Michigan from time to time during the pendency of these Chapter 11 cases; and it is further

**ORDERED**, that RMF is authorized to receive interim compensation and reimbursement of its fees and expenses in the amount of $47,913.57, which sum includes a twenty (20%) percent holdback of fees and 100% of expenses incurred in connection with RMF's representation of the Receiver in proceedings before the United States Bankruptcy Court, Southern District of New York prior to the issuance of an order pursuant to 28 U.S.C. § 1412 transferring venue to the Eastern District of Michigan; and it is further

**ORDERED**, that Backenroth Frankel & Krinsky, LLP ("Backenroth") is authorized to receive interim compensation and reimbursement of its fees and expenses in the amount of $41,207.79, which sum includes a twenty (20%) percent holdback of fees and 100% of expenses incurred in connection with Backenroth's representation of the Debtor in proceedings before the United States Bankruptcy Court, Southern District of New York prior to the issuance of an order pursuant to 28 U.S.C. § 1412 transferring venue to the Eastern District of Michigan; and it is further

**ORDERED**, that denial of any request for monthly compensation and reimbursement of expenses shall be made without prejudice to such request being renewed in any court presiding over these proceedings; and it is further

**ORDERED**, that except as provided above with respect to RMF and Backenroth's interim fees and expenses incurred in connection with proceedings before the United States Bankruptcy Court, Southern District of New York prior to the issuance of an order pursuant to 28 U.S.C. § 1412 transferring venue to the Eastern District of Michigan, any and all future requests seeking monthly compensation shall be made pursuant to §§ 330 and 331 of the Bankruptcy Code, consistent with the entry of an order authorizing interim monthly compensation by any court presiding over these proceedings; and it is further

**ORDERED**, that the part of the Application that seeks approval of procedures for interim compensation is referred to the Eastern District of Michigan to assure compliance with local rules.

Dated: New York, New York
       **March 9, 2011**

                                         */s/ Sean H. Lane*
                                         UNITED STATES BANKRUPTCY JUDGE